◼ ROBERT M. L. SILLATO, Respondent, v JOSHUA J. POWELL et al., Defendants. NEW YORK STATE CRIME VICTIMS BOARD, Appellant. [672 NYS2d 547] —Order insofar as appealed from unanimously reversed on the law without costs and motion denied in part in accordance with the following Memorandum: Supreme Court erred in determining that "the lien claimed by New York State Crime Victims Board in the sum of $20,821.00 plus accrued interest, if any, against the settlement proceeds to be received [by plaintiff], does not exist and, therefore, no payment shall be made to New York State Crime Victims Board in these proceedings". The record establishes that, on August 3, 1991, plaintiff was accidentally shot with a stolen pistol and was rendered a quadriplegic. Plaintiff's mother applied to the New York State Crime Victims Board (Board) on behalf of plaintiff, a crime victim, for a monetary award. The Board rendered a monetary award totaling $20,821 to allow plaintiff's

mother to make her home handicap accessible to accommodate plaintiff's physical condition. The application for the award included a lien agreement, which was executed by plaintiff's mother on plaintiff's behalf. The lien agreement provided in part that "I HEREBY ACKNOWLEDGE that the acceptance of an award from the [Board] creates a lien in favor of the State of New York on the proceeds of any recovery from the person or persons liable for the injury or death upon which such award is based. Such lien shall extend to any proceeds recovered by the claimant by way of judgment, settlement, restitution or otherwise". Subsequently, plaintiff commenced the present action against defendants for damages arising from his injuries as a result of the shooting. On February 20, 1995, plaintiff accepted a settlement from defendants totaling $225,000 for personal injuries and pain and suffering. In conjunction with the settlement agreement, plaintiff moved for various relief, including an order vacating the Board's lien. That request was based in part on plaintiff's assertion that the lien was never filed with the Monroe County Clerk's office. The court granted the request. That was error.

Executive Law § 634 (2) provides that "[a]cceptance of an award made pursuant to this article shall create a lien in favor of the state on the proceeds of any recovery from the person or persons liable for the injury or death giving rise to the award by the board, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the total amount of the award made by the board." That section further provides that "[a] copy of such lien shall be mailed to the clerk of the county within which the crime occurred and such clerk will file the copy in accordance with the duties of such clerk" (Executive Law § 634 [2]).

Pursuant to the lien agreement signed by plaintiff's mother, a lien was created in favor of the State upon her receipt of the Board's award. Contrary to plaintiff's contention, the fact that a copy of the lien was not on file in the Monroe County Clerk's office does not establish that the lien did not exist. Section 634 (2) specifies that a lien is created upon the acceptance of an award. The statute does not require as a condition precedent to the creation of a lien that it be mailed or filed (cf., Lien Law §§ 120, 140, 160; Social Services Law § 104-b [7]).

We reject the contention of plaintiff that no lien was created because the settlement was for damages for personal injuries and pain and suffering rather than for the purpose of the Board's award, i.e., the remodeling of his mother's home. Exec-

utive Law § 634 (2) expressly provides that the award creates a lien in favor of the State on the proceeds of "any recovery". We likewise reject plaintiff's contention that the lien did not attach to the settlement proceeds because the proceeds were paid into a "supplemental needs" trust (*see, Cricchio v Pennisi*, 90 NY2d 296, 309-310). We have reviewed plaintiff's further contentions and conclude that they are without merit.

Consequently, we reverse the order insofar as appealed from and deny in part plaintiff's motion by vacating the fourth ordering paragraph, which determined that no valid lien by the Board existed and that no payment shall be made to the Board in these proceedings. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Vacate Lien.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.