OPINION OF THE COURT
Lee L. Holzman, J.
This is an application by the administratrix to compromise claims arising from the events leading to decedent’s death and to judicially account for the recovery.
Decedent died intestate on August 17, 1996 as a result of injuries sustained in a motor vehicle accident which occurred on the same date. Decedent’s daughter, his sole distributee, has consented to the relief requested. In view of the fact that decedent’s death was virtually instantaneous, the allocation of the entire proceeds of the settlement to the claim for wrongful *497 death is approved. In the absence of any opposition by the New York City Department of Social Services, after having been served with process, the allegations in the petition to the effect that the possible claim of the Department of Social Services should be denied must be deemed due proof thereof (SCPA 509).
The New York State Crime Victims Board filed objections to petitioner’s rejection of its lien against the recovery in the sum of $2,000. Based upon a finding that the decedent was an innocent victim of a crime, the Crime Victims Board issued an award of $2,000 to decedent’s mother arising from her paying a portion of the expenses for decedent’s funeral (see, Executive Law § 620 et seq.)- As an element of the award, decedent’s mother executed a “Lien Agreement” in which she acknowledged that acceptance of the award created a lien in favor of the State “on the proceeds of any recovery from the person or persons liable for the injury or death upon which such award is based” and that such “lien shall extend to any proceeds recovered by the claimant by way of judgment, settlement, restitution or otherwise.”
Petitioner’s rejection of the lien of the Crime Victims Board appears to rest in essence on her position that the Lien Agreement is only binding on the party who executed it, decedent’s mother, rather than upon the estate. The petitioner also requests that, in the event that the court allows the lien to stand, $2,000 should be placed in an escrow account until such time as she has filed a request for a waiver of the lien with the Crime Victims Board and a decision has been rendered on the application.
Section 634 (2) of the Executive Law provides, in pertinent part, that: “Acceptance of an award made pursuant to this article shall create a lien in favor of the state on the proceeds of any recovery from the person or persons liable for the injury or death giving rise to the award by the board, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney’s fees, incurred in effecting such recovery, to the total amount of the award made by the board. Such lien shall attach to any monies received or to be received by the claimant or victim on account of losses resulting from the crime.” (Emphasis added.)
There is no doubt that reasonable funeral expenses may be recovered as part of the damages awarded in a wrongful death action (EPTL 5-4.3 [a]). The petitioner, in effect, concedes this point by requesting that the balance of the bill owed to Gran- *498 by’s Funeral Service, Inc., for the decedent’s funeral be paid from the settlement proceeds. Thus, decedent’s mother would also be entitled to be reimbursed from the recovery for the portion of the funeral expenses that she paid. She cannot waive her right to such reimbursement to the detriment of the Crime Victims Board inasmuch as both the Lien Agreement that she executed and the provisions of section 634 (2) of the Executive Law provide that the lien attaches to any monies that could be received either by the victim (the decedent) or by the claimant (decedent’s mother) from the person liable for the victim’s injury or death. Consequently, the lien must be satisfied from the settlement proceeds and it is not necessary to determine the respective contentions of the parties on the issue of whether the lien would attach to the recovery even if the claimant had no right to any portion of the recovery (see, Sillato v Powell, 249 AD2d 997 [4th Dept 1998]). Inasmuch as the petitioner has failed to show any irreparable injury if the lien is satisfied from the settlement proceeds at this time, the branch of the application requesting that the amount of the lien be held in escrow until an application for a waiver of the lien has been made and determined is denied without prejudice to the right, if any, to seek such a waiver.
Accordingly, the objections to the account filed on behalf of the Crime Victims Board are sustained. The decree shall provide for payment of the lien of the Crime Victims Board in the sum of $2,000 and for the payment of $2,124.67 to Gran-by’s Funeral Service, Inc., for the balance owed for decedent’s funeral expenses. Counsel fees and disbursements are allowed in the sums requested. The net distributable proceeds shall be paid to decedent’s sole distributee.